**Sultana METOVIC, Safet Metovic, Eldin Metovic and Edin Metovic, Petitioners,**

v.

**Alberto R. GONZALES [1], Attorney General of the United States, Respondent.**

**Nos. 04–6091–ag(L) to 04–6094–ag(CON).**

United States Court of Appeals, Second Circuit.

June 30, 2006.

Charles Christophe, New York, NY, for Petitioners.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Jessica Lieber Smolar, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Safet Metovic, his wife, and his two children petition for review of the BIA's October 2004 decision dismissing their appeal from Immigration Judge ("IJ") Roxanne C. Hladylowycz's order denying Metovic's applications for asylum and withholding of deportation, and Convention Against Torture ("CAT") relief and ordering them removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.*, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Since the BIA specifically disregarded the IJ's adverse credibility determination, this Court will assess only the immigration court's burden analysis.

Although, under the circumstances, the threat of forced conscription was adequate to demonstrate past persecution, Metovic's asylum claim fails because the Government adequately rebutted the presumption of future persecution. The 2002 State Department Country Report on Human Rights Practices reflects substantial changes in Yugoslavia after the war in Kosovo ended. Former President Milosevic ceded power in 2000 and the overall human rights record "improved significantly." In addition, relations improved between Serbs and Albanians in southern Serbia, and the new Government granted amnesty to most ethnic Albanians who had been wrongly convicted. Most important to this case, the new Government passed a law that granted amnesty to conscientious objectors and draft evaders who had refused to take up arms during the period at issue in this case. These changed circumstances constitute substantial evidence supporting the IJ's rejection of Metovic's subjective concern that he might face future punishment for avoiding the draft.

As asylum and withholding of deportation "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 71 (2d Cir.2004). Lastly, because Metovic failed to exhaust his remedies with respect to his CAT claim, this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions are VACATED, and any pending motions for a stay of removal in these petitions are DENIED as moot. Any pending requests for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).